UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re: BKY:11-50745-RJK
Chapter 13 Case

Karen C. Bowman,
                Debtor.

**NOTICE OF MOTION AND MOTION FOR RELIEF FROM STAY**

TO:     Karen C. Bowman, 34244 N. Oak Drive, Pequot Lakes, MN 56472, and Kurt R. Bowman, 6327 Gopher Blvd. N. , Oakdale, MN 55128, Debtor(s); Robert J. Hoglund, 1781 West County Road B, P. O. Box 130938, Roseville, MN 55113, Attorney for Debtor; Kyle Carlson, P. O. Box 519, Barnesville, MN 56514, Chapter 13 Trustee; United States Trustee; and other parties in interest as specified in Local Rule 9013-3.

1. Hiway Federal Credit Union, a creditor of the Debtor herein, by its undersigned attorney, moves the Court for the relief requested below and gives notice of hearing herewith.

2. The Court will hold a hearing on this Motion at 9:30 A.M on August 23, 2011, in Courtroom No. 2 at United States Courthouse, 515 W 1st Street, Duluth, MN 55802, or as soon thereafter as counsel can be heard.

3. Any response to this motion must be filed and delivered not later than August 18, 2011, which is five (5) days before the time set for the hearing (including Saturdays, Sundays, and holidays). **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. Sections 157 and 1334, Fed. Rule Bankr. P. 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this Chapter 13 case was filed on June 24, 2011. The case is now pending in this Court.

5. This motion arises under 11 U.S.C. Section 362(d), Section 1301 and Fed. Rule Bankr. P. 4001. This motion is filed under Fed. Rule Bankr. P. 9014 and Local Rules 9006-1, 9013, and 9017-1. Movant requests immediate relief with respect to pursuit of claims against Debtor's Co-signer, Kurt R. Bowman.

6. Debtor and Co-signer, Kurt R. Bowman, are co-obligors on the Fast Line of Credit with Movant which is not provided for in Debtor's Plan.

7. Pursuant to the supporting Affidavit, the Debtor is in default on the co-signed loan.

8. Debtor has made no provision for the Fast Line of Credit loan. Thus, the Movant is not being provided with adequate protection.

9. Debtor's failure to provide for payments to Movant or otherwise provide Movant with adequate protection of its interest in the debts due Movant, constitutes cause, within the meaning of 11 U.S.C. Section 362(d)(1) and Section 1301(c) and (d) entitling Movant to relief from the stay to allow Movant to pursue its remedies under state law against the co-signer, Kurt R. Bowman.

**WHEREFORE**, Movant, by its undersigned attorney, moves the Court for an order modifying the automatic stay of 11 U.S.C. Section 1301 (c) and (d) of the Bankruptcy Code and authorizing Movant to pursue its remedies against the Co-signer, Kurt R. Bowman, and for such other relief as may be just and equitable.

Dated: July 6, 2011

**PETERSON, FRAM & BERGMAN, P.A.**

/e/ Daniel W. Fram
Daniel W. Fram, #31409
Attorney for Movant
Suite 300, 50 East Fifth Street
St. Paul, MN 55101
651-291-8955

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:                                     BKY:11-50745-RJK
Chapter 13 Case

Karen C. Bowman,
              Debtor.

**AFFIDAVIT**

Brad Zelgert, being first duly sworn on oath states:

1. I am the Credit Specialist of Hiway Federal Credit Union and make this Affidavit in support of the Motion to lift, modify, annul or condition the automatic stay.

2. Karen C. Bowman, the Debtor in the above-referenced Chapter 13 Plan has a Fast Line of Credit Loan Agreement ("Loan") with the Movant. The Loan is a joint obligation of Kurt R. Bowman ("Co-Signer"). There is no provision for payment in the Chapter 13 Plan for payment of the Loan.

3. There is due and owing from the Debtor and the Co-signer on the Loan the sum of $2,944.93, together with interest thereon at the rate of 11.90% and a per diem of $0.96 per day. A copy of the loan document is attached hereto as Exhibit A.

4. The Debtor has not offered any adequate protection relative to the Loan which is a co-signed Loan.

**FURTHER YOUR AFFIANT SAITH NOT.**

_____
Brad Zelgert
Credit Specialist

Subscribed and sworn to before me
this 1st day of July, 2011.

_____
Notary Public



# EXHIBIT A

# Applying for an Expre
## is as easy

■ A. Complete the Fast Credit Line application if you DO NOT curren
   B. Complete the Express Lane Money Card application.
   C. Mail or fax the application(s) to Hiway Federal Credit Union.

       You'll receive your handsome, useful Expres

# #52756    LG-MP

## ▶ A. *Fast Credit Line* oo

I hereby apply for a credit limit of $ **1000.00**  Date **4/21/98**
Member Name **Karen Bowman**
Member # **52756**  Loan #142
Employer **MnDOT**  Position **Personnel Rep**
Yrs./Job **2**  Gross Monthly Income X **3800.00**
18 yrs - state
Monthly Payments: Homeowner/Renter X **872.00**
Child Support/Alimony X **-0-**

Co-Applicant (if applicable)
Name X **Kurt Bowman**  SS# X **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**
Employer **Self employed**  Position **Floor Installer**
Yrs./Job X **12**  Gross Monthly Income $ X **2000.00 average**

## AUTOMATIC OVERDRAFT PROTECTION
*(Check one)*

____ Overdraft Protection transfer from Shares first and Fast Credit Line second.
**X** Overdraft Protection transfer from Fast Credit Line first and Shares second.
If Overdraft Protection is used on the Fast Credit Line, the deduction for the loan payment will come from my draft account automatically on the 10th of the month. All transfers will be in increments of $200.00.

By signing below, I am contractually liable according to the applicable terms and conditions of the Hiway Federal Credit Union Fast Credit Line Agreement which I will receive when approved.

The information I have previously provided HFCU is still correct to the best of my/our knowledge. You are authorized to check my/our credit and employment history to answer questions about credit experience with me/us. The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status or age provided that the applicant has the capacity to enter into a binding contract; because all or part of the applicants income derives from a public assistance program; or because the applicant has in good faith exercised any right under Consumer Protection Act. Federal Agency administers the creditor is: NATIONAL CREDIT UNION ADMINISTRATION, 4807 Spicewood Springs Road, Suite 5200, AUSTIN, TX 78759.

Applicant's Signature X *Karen Bowman*  Date **4/21/98**

Co-Applicant's Signature XX *Kurt Bowman*  Date **4/21/98**

**22%**    As we promised...a

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re: BKY:11-50745-RJK
Chapter 13 Case

Karen C. Bowman,
                    Debtor.

**MEMORANDUM OF FACTS AND LAW IN SUPPORT
OF MOTION FOR RELIEF FROM STAY**

Hiway Federal Credit Union submits this Memorandum of Law in support of its motion for relief from the stay in the above-entitled matter.

FACTS

Movant has a Fast Credit Line loan with the Debtor which is co-signed by Kurt R. Bowman. Debtor's Chapter 13 Plan makes no provision for payment of this debt. On the date this case was filed, the Debtor was delinquent on the loan. Movant seeks to modify the stay to pursue its claim against the Co-signer.

ARGUMENT

This case involves a request by Movant for relief from the stay to pursue its claims against the Co-Debtor. Section 1301 of the Bankruptcy Code provides in pertinent part as follows:

> §1301 (c). On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that - (2) the Plan filed by the Debtor proposes not to pay such claim; or (3) such creditor's interest would be irreparably harmed by a continuation of such stay.

In the instant case, Debtor has not made any provision for payment of the Fast Credit Line loan co-signed debt.

Finally, Section 1302 (d) provides: "twenty days after the filing of a request under subsection (c) (2) of this section for relief from the stay provided by subsection (a) of this section such stay is terminated with respect to the party in interest making such request, unless the Debtor or any individual that is liable on such debt with the Debtor, files and serves upon such party in interest a written objection to the taking of the proposed action."

Furthermore, pursuant to Section 362 (d) (1) of the Bankruptcy Code, relief from the automatic stay shall be granted upon request of a creditors "for cause, including the lack of adequate protection of an interest in property of such [creditor]." 11 U.S.C. Section 362 (d) (1). Debtor has failed to make the payments required by her contract with Movant and has otherwise failed to provide adequate protection of Movant's interest in the claims. Such circumstances constitute cause, within the meaning of Section 362 (d) (1), justifying relief from the stay. In Re Video East, Inc., 41 B.R. 176 (Bkrtcy. E.D. Pa. 1984); See also, In Re Frascatore, 33 B.R. 687 (Bkrtcy. E.D. Pa. 1983).

Movant is requesting relief from the stay to pursue its claim against a Co-Debtor. The original loan agreement was signed by Debtor and Kurt R. Bowman, as the Co-Debtor. The Debtor's Chapter 13 Plan does not propose to pay the claim of Movant.

In light of Debtor's failure to make any provision for payment of Movant's claim in her Chapter 13 Plan, it is grounds to allow the stay to be lifted as against the Debtor.

Accordingly, Movant is entitled to an order terminating the automatic stay to pursue its claims against the co-signer.


Dated: July 6, 2011

**PETERSON, FRAM & BERGMAN, P.A.**


  /e/ Daniel W. Fram
Daniel W. Fram, #31409
Attorney for Movant
55 E. 5th St., Suite 800
St. Paul, MN 55101
(651) 291-8955

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:  BKY:11-50745-RJK
 Chapter 13 Case
Karen C. Bowman,
 Debtor.

**UNSWORN DECLARATION
FOR PROOF OF SERVICE**

_____

     Daniel W. Fram an attorney with the law firm of Peterson, Fram & Bergman, Professional Association, Attorneys at Law, licensed to practice law in this Court, with office address of 55 East Fifth Street, Suite 800, St. Paul, Minnesota, 55101, declares that on the 12th day of July, 2011, I served the Notice of Motion and Motion for Relief from Stay, Affidavit, Memorandum of Facts and Law in Support of Motion for Relief from Stay and proposed Order on the parties referred to below by mailing to each of them a copy thereof by enclosing the same in an envelope with first class postage prepaid, and depositing same in the post office at St. Paul, Minnesota, addressed to each of them as follows. The undersigned further certifies that upon information and belief, a copy of the above-referenced documents will be delivered to the individuals listed below who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System and this notice constitutes service or notice pursuant to Local Rule 9006-1(a).

United States Trustee
300 S. 4th Street
Minneapolis, MN 55415

Karen C. Bowman
34244 N. Oak Drive
Pequot Lakes, MN 56472

Kurt R. Bowman
6327 Gopher Blvd. N.
Oakdale, MN 55128

Robert J. Hoglund, Attorney
1781 West County Road B
P. O. Box 130938
Roseville, MN 55113

Kyle Carlson, Trustee
P. O. Box 519
Barnesville, MN 56514

And I declare under penalty of perjury, that the foregoing Unsworn Declaration for Proof of Service consisting of 1 page is true and correct.

    Dated: July 12, 2011                  Signed: /e/ Daniel W. Fram

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:  BKY:11-50745-RJK
Chapter 13 Case
Karen C. Bowman,
        Debtor.

**ORDER**

The case is before the Court on the Motion of Hiway Federal Credit Union seeking relief from the automatic stay of Section 1301 of the Bankruptcy Code. Based upon the Motion and the file,

IT IS ORDERED:

The automatic stay is terminated to enable Hiway Federal Credit Union to enforce its claims against the Co-signer, Kurt R. Bowman, in accordance with state law.

Notwithstanding Fed. R. Bankr. P. 4001(a)(3), this Order is effective immediately.

Robert J. Kressel
United States Bankruptcy Judge